IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| CYNTHIA L. HINES KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13-3004-JDT-tmp |
| | ) | |
| BAPTIST MEMORIAL HOSPITAL - MEMPHIS and DERICK ZIEGLER, | ) ) | |
| | ) | |
| Defendants. | ) | |

---

**REPORT AND RECOMMENDATION**

---

On December 20, 2013, plaintiff Cynthia L. Hines King, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Baptist Memorial Hospital - Memphis ("Baptist Memorial") and Derick Ziegler, the Chief Executive Officer of Baptist Memorial. At the same time, King filed a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On December 30, 2013, the court granted King's motion to proceed *in forma pauperis*. This matter is before the court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion thereof, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

The following allegations are set forth in King's *pro se*

complaint: King was treated at Baptist Memorial Hospital at Memphis from December 31, 2012 to January 1, 2013. The hospital staff was allegedly negligent in administering intravenous therapy ("IV") to King. As a result, King suffered extreme nerve damage to one of the fingers on her right hand. She claims that her right hand will not close completely. King claims that the hospital staff was negligent in administering the IV, and seeks compensatory and punitive damages.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action -

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an

entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complainants are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal

of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 541 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

It is recommended that King's complaint be dismissed due to lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the

Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. See, e.g., Insurance Corp. of Ireland, Ltd., 456 U.S. at 702 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

King's complaint does not comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires that "[a] pleading

Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. See, e.g., Insurance Corp. of Ireland, Ltd., 456 U.S. at 702 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

King's complaint does not comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure, which requires that "[a] pleading

that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction."  The complaint contains no jurisdictional allegations.  It does not appear that the court has jurisdiction under the most common provisions relied on by litigants.  Under 28 U.S.C. § 1331, which governs federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The only federal cause of action alleged in the complaint is based on 42 U.S.C. § 1983.  To state a claim under § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  <u>Adickes v. S.H. Kress & co.</u>, 398 U.S. 144, 150 (1970).  King's complaint does not allege that either Baptist Memorial or Ziegler acted under color of state law.  "A § 1983 plaintiff may not sue purely private parties." <u>Brotherton v. Cleveland</u>, 173 F.3d 552, 567 (6th Cir. 1999).  Thus,

---

[1]Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

"[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). Because Baptist Memorial and Ziegler are private parties, King cannot bring a § 1983 claim against these defendants. Therefore, the § 1983 claim does not provide this court with federal question jurisdiction. Additionally, the complaint fails to state a claim on which relief may be granted, and thus should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court also does not have diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home

Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." King does not allege her citizenship or the citizenship of the defendants in the complaint. The court notes, however, that in the complaint and her *in forma pauperis* motion, King states that she is a resident of Memphis, Tennessee. Also, according to the Tennessee Secretary of State, Baptist Memorial is incorporated in Tennessee. Because there is no federal question or diversity jurisdiction, it is recommended that the complaint be dismissed for lack of subject-matter jurisdiction.

For the above reasons, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 30, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.**

**A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**